1  Alexander Hernaez (SBN: 201441)
   ahernaez@foxrothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104
   Telephone:    415.364.5540
4  Facsimile:     415.391.4436

5  Attorneys for Defendant
   TESLA MOTORS, INC., a Delaware
6  corporation (erroneously sued as TESLA
   MOTORS, INCORPORATED, a California
7  corporation)

8

9                    UNITED STATED DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12 | WALTER HIDALGO,                    | Case No.: _____

13 |                Plaintiff,
                                          **NOTICE OF REMOVAL**
14 |         v.

15 | TESLA MOTORS, INC., a Delaware
   | corporation; and DOES 1 through 25,
16 | inclusive,

17 |                Defendants.

18

19

20

21

22

23

24

25

26

27

28

29562470_1
NOTICE OF REMOVAL                              Case No.: _____
ACTIVE 32258160v1

1     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2

3          PLEASE TAKE NOTICE that Defendant Tesla Motors, Inc., a Delaware corporation

4     ("Tesla Motors" or "Defendant"), erroneously sued as Tesla Motors, Incorporated, a California

5     Corporation, hereby removes to this Court the state court action described below. The basis for

6     removal is federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

7          1.     On September 29, 2015, Plaintiff Walter Hidalgo ("Plaintiff") filed the instant

8     Complaint in the Superior Court of California for the County of Santa Clara, captioned, *Walter

9     Hildalgo v. Tesla Motors, Inc., a California Corporation; and DOES 1 through 25, inclusive*,

10    Case No. 115CV286235.

11

12         2.     True and correct copies of the Complaint and summons, as well as other pleadings

13    and documents from the state court's file, are attached to the Declaration of Carmen Copher in

14    Support of Defendant's Notice of Removal ("Copher Decl.") filed herewith as **Exhibit A.**

15         3.     On October 13, 2015, Plaintiff served the Summons, Complaint, and attached

16    documents by process server to Defendant's Legal Department.  (Copher Decl. ¶ 2.)

17         4.     The date on which service becomes effective for purposes of removal jurisdiction

18    is governed by state law. *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993).

19    Accordingly, in this case, service was effective as of October 13, 2015. *See* Cal. Code Civ. P. §

20    415.10 ("A summons may be served by personal delivery of a copy of the summons and of the

21    complaint to the person to be served. Service of a summons in this manner is deemed complete at

22    the time of such delivery."). Given a service date of October 13, 2015, this Notice of Removal is

23    timely because it is served within 30 days of the service of Plaintiff's Summons and Complaint

24    on the sole named Defendant in this action. *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,

25

26    526 U.S. 344, 354 (1999).

27

28

1    5.    Tesla Motors is the only named defendant in this action. Fictitious "Doe

2   Defendants," who have not been served with process may be disregarded for removal jurisdiction

3   purposes. 28 U.S.C. §§ 1441(b)(1), 1446(b)(2); *see also Destfino v. Resiwig*, 630 F.3d 952, 955

4   (9th Cir. 2011). Accordingly, the joinder of other defendants is not necessary for removal of this

5   action.

6

7                            **Federal Question Jurisdiction**

8    7.    This is a civil action over which this Court has original jurisdiction under 28

9   U.S.C. § 1331. Defendant may remove this action to this Court pursuant to 28 U.S.C. §1441(a),

10  in that it contains a claim for violations of the Age Discrimination in Employment Act

11  ("ADEA"), 29 U.S.C. §§ 621-634 (Count IX). Count IX arises under the ADEA, a federal law,

12  and the Court therefore possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1441(c) over

13  the remaining claims for: Violation of Meal Period Law under the Labor Code (Count I);

14  Violation of Rest Period Law under Industrial Welfare Commission Wage Orders and Labor

15  Code (Count II); Violations of Wage and Hour Laws under the Labor Code (Count III); Breach

16  of the Implied Covenant of Good Faith and Fair Dealing (Count IV); Violations of the California

17  Fair Employment and Housing Act ("FEHA") (Count V); Intentional Infliction of Emotional

18  Distress (Count VI); Failure to Engage in the Interactive Process in Violation of FEHA (Count

19  VII); Failure to Provide a Reasonable Accommodation in violation of FEHA (Count VIII);

20  Wrongful Termination in violation of Public Policy (Count X); and Retaliation in violation of

21  Labor Code § 1102.5 (Count XI).

22

23

24                      **Facts Supporting Federal Question Jurisdiction**

25   8.    In Count IX of the Complaint, Plaintiff alleges age discrimination in violation of

26  the ADEA, a federal law.

27  //

28

**Plaintiff's Complaint States a Federal Claim for Relief Under the ADEA**

9.     When removal is based on federal question jurisdiction, courts look to the face of the "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987).  Where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[,]" a federal court must exercise removal jurisdiction. *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 27-28 (1983).

10.     Here, Count IX of Plaintiff's Complaint states a federal claim under the ADEA, 29 U.S.C. §§ 621-634.  Plaintiff's complaint arises out of federal law because federal law creates the ADEA claim and Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Therefore, this matter may properly be removed to federal court.

**Supplemental Jurisdiction Exists Over Counts I through VIII and X through XI**

13.     Pursuant to 28 U.S.C. §§ 1367, 1441(c), the removal of this entire action is proper based upon the existence of federal question jurisdiction over Count IX alone.  Under 28 U.S.C. §§ 1367, this Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the district court's original jurisdiction that they form part of the same case or controversy.  Here, all of Plaintiff's claims arise from the same set of employment-related facts.

**Venue**

14.     Pursuant to L.R. 3-2(c), "a civil action arises in the county in which a substantial part of the events or omissions which g[ave] rise to the claim occurred."  Plaintiff's place of employment is Fremont, CA.  (Copher Decl. ¶ 4.)  Thus a substantial part of the events or alleged

1  acts or omissions giving rise to this lawsuit occurred in Alameda County, California.  According

2  to this Court's "Jurisdiction Map for the Northern District of California[,]" the Northern District

3  of California can serve as a proper venue for this action.  Pursuant to Civil L.R. 3-2(d), all civil

4  actions which arise in the County of Alameda shall be assigned to either the San Francisco or

5  Oakland Division of this court.

6

7                                    **Notifications**

8       15.    As required by 28 U.S.C. §1446(d), Defendant will provide prompt written notice

9  to Plaintiff of removal of this action to federal court.

10      16.    As required by 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice

11  of Removal with the Clerk of the Superior Court for the County of Santa Clara, from which this

12  action is removed.

13

14  Dated: November /U, 2015                    FOX ROTHSCHILD LLP

15

16                                     By: _____

17                                         Alexander Hornaez
                                           Attorneys for Defendant Tesla Motors, Inc.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Alexander Hernaez (SBN: 201441)
   ahernaez@foxrothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104
   Telephone:    415.364.5540
4  Facsimile:    415.391.4436

5  Attorneys for Defendant
   TESLA MOTORS, INC., a Delaware
6  corporation (erroneously sued as TESLA
   MOTORS, INCORPORATED, a California
7  corporation)

8

9              **UNITED STATED DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | WALTER HIDALGO,                    | Case No.: _____
13 |                  Plaintiff,        | **DECLARATION OF CARMEN COPHER**
                                          **IN SUPPORT OF NOTICE OF REMOVAL**
14 |       v.
15 | TESLA MOTORS, INC., a Delaware
   | corporation; and DOES 1 through 25,
16 | inclusive,
17 |                  Defendants.
18
19
20
21
22
23
24
25
26
27
28    29562470_1

1   I, Carmen Copher, hereby declare:

2       1.    I am employed by Defendant Tesla Motors, Inc., ("Defendant"). I make this

3   declaration in support of Defendant's Notice of Removal. If called as a witness, I could and

4   would testify to the facts stated in this declaration, all of which are within my personal

5   knowledge.

6       2.    On October 13, 2015 Plaintiff Walter Hidalgo ("Plaintiff") served the Summons,

7   Complaint, and supporting documents by process server to Defendant's agent for service of

8   process, CT Corporation. Attached hereto as **Exhibit A** are true and correct copies of the

9   Service of Process Transmittal.

10       3.    Attached hereto as **Exhibit B** are true and correct copies of the Summons,

11   Complaint, and other process, pleadings, and orders from the Santa Clara Superior Court's file.

12       4.    Plaintiff performed his duties at Defendant's facilities in Fremont, CA.

13       I declare under penalty of perjury under the laws of the United States of America that the

14   foregoing is true and correct and based upon my person knowledge.

15

16   Dated: November 10, 2015

17                                       Carmen Copher

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
10/13/2015
CT Log Number 527974599

TO: Legal Department
Tesla Motors, Inc.
3500 Deer Creek Rd
Palo Alto, CA 94304-1317

RE: **Process Served in California**

FOR: Tesla Motors, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WALTER HIDALGO, etc., Pltf. vs. Tesla Motors, INCORPORATED, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint(s), Exhibit(S), Attachment(s), Cover Sheet(s), Instructions |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA Case # 115CV286235 |
| **NATURE OF ACTION:** | Violation of meal period law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/13/2015 at 09:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | LAUREN RODE CONSUMER ACTION LAW GROUP, PC 3700 Eagle Rock Blvd. Eagle Rock, CA 90065 818-254-8413 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/13/2015, Expected Purge Date: 10/18/2015 |
| | Image SOP |
| | Email Notification, Legal Department legal@teslamotors.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT B

10-13-15
9:15 am

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

SEP 29 2015

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INCORPORATED, a California Corporation; and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WALTER HILDALGO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SANTA CLARA SUPERIOR COURT<br><br>191 North First Street<br>San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**115CV286335** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lauren Rode, Consumer Action Law Group, 3700 Eagle Rock Blvd., Los Angeles, CA 90065 - 818.254.8413

| DATE: SEP 2 9 2015<br>*(Fecha)* | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk Clerk, by *(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

SEP 29 2015

Superior Court of California County of Santa Clara
By_____
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INCORPORATED, a California Corporation; and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WALTER HILDALGO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): SANTA CLARA SUPERIOR COURT | CASE NUMBER:<br>(Número del Caso): 15CV286235 |
|---|---|

191 North First Street
San Jose, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Lauren Rode, Consumer Action Law Group, 3700 Eagle Rock Blvd., Los Angeles, CA 90065 - 818.254.8413

| DATE: SEP 2 9 2015 | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk | Clerk, by | , Deputy |
|---|---|---|---|
| (Fecha) | | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Consumer Action Law Group, P.C.<br>Lauren Rode (SBN 281803)<br>3700 Eagle Rock Blvd.<br>Los Angeles, CA 90065<br>TELEPHONE NO: 818-254-8413    FAX NO: 866-936-6916<br>ATTORNEY FOR (Name): | **ENDORSED<br>FILED**<br><br>SEP 29 2015<br><br>_____ The Superior Court<br>_____, Santa Clara, California<br>_____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Courthouse

| CASE NAME:<br>Walter Hidalgo v. Tesla Motors Incorporated, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **1 1 5 C V 2 8 6 2 3 5**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date:
Lauren Rode
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ENDORSED
FILED

SEP 29 2015

[illegible stamp]
Superior Court

1  LAUREN RODE, SBN 281803
   lauren@calgroup.org
2  SAGE STONE, SBN 304806
   sage@calgroup.org
3  CONSUMER ACTION LAW GROUP, PC
4  3700 Eagle Rock Blvd.,
   Eagle Rock, CA 90065
5  Tel. (818) 254-8413
   Fax. (866) 936-6916
6

7  Attorneys for Plaintiff,
   WALTER HIDALGO
8

9          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11 WALTER HIDALGO, an individual,          )  CASE NO.:      1 1 5 C V 2 8 6 2 3 5
                                           )
12              PLAINTIFF,                  )  COMPLAINT FOR DAMAGES
                                           )
13                                          )
        v.                                  )  1.  VIOLATION OF MEAL PERIOD
14                                          )      LAW (*Labor Code §§226.7; 512*)
   TESLA MOTORS, INCORPORATED, a           )  2.  VIOLATION OF REST PERIOD LAW
15 California Corporation; and Does 1 through 25, )  (*Industrial Welfare Commission Wage
16 inclusive,                               )      Orders; Labor Code §226.7*)
                                           )  3.  VIOLATION OF WAGE AND HOUR
17              Defendants.                  )      LAWS – UNPAID OVERTIME
                                           )      WAGES (*Labor code §510; 1194*)
18                                          )  4.  BREACH OF THE IMPLIED
                                           )      COVENANT OF GOOD FAITH AND
19                                          )      FAIR DEALING
                                           )  5.  VIOLATION OF CAL. GOV. CODE §
20                                          )      12940(a)
                                           )  6.  INTENTIONAL INFLICTION OF
21                                          )      EMOTIONAL DISTRESS
22                                          )  7.  VIOLATION OF CAL. GOV. CODE §
                                           )      12940(n) - FAILURE TO ENGAGE IN
23                                          )      THE INTERACTIVE PROCESS
24                                          )  8.  VIOLATION OF CAL. GOV. CODE §
                                           )      12940(m) - FAILURE TO PROVIDE
25                                          )      REASONABLE ACCOMODATION
26                                          )  9.  VIOLATION OF AGE
                                           )      DISCRIMINATION IN
27                                          )      EMPLOYMENT ACT 29 U.S.C. §§
28

                              ~1~

                    COMPLAINT FOR DAMAGES

621-634

**10. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**11. VIOLATION OF LABOR C §1102.5**

COMES NOW, the Plaintiff, WALTER HIDALGO (hereinafter "PLAINTIFF") complaining of Defendant TESLA MOTORS, INCORPORATED; and Does 1 through 25, inclusive; and each of them, allege as follows:

**PARTIES**

PLAINTIFF, as an individual, alleges:

1. At all relevant times herein, PLAINTIFF has been residing in the County of Stanislaus, State of California.

2. PLAINTIFF is informed and believes that, at all times relevant to this complaint, Defendant TESLA MOTORS, INCORPORATED (hereinafter "EMPLOYER" or "DEFENDANT"), is and was doing business in the State of California.

3. The true names or capacities, whether individual, corporate, associate or otherwise of Defendants named herein as Does 1 through 25, inclusive, are unknown to PLAINTIFF who therefore sues said Defendants by such fictitious names, and PLAINTIFF will amend this complaint to show their true names and capacities when the same has been ascertained.

4. PLAINTIFF is informed and believes, and based on such information and belief alleges, that each defendant sued herein as DOES 1–25, inclusive, was acting as the agent or employee of each of the other defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

///

## I.   FACTS COMMON TO ALL CAUSES OF ACTION

5.      In or around November 26, 2012, PLAINTIFF began employment with EMPLOYER as a manufacturing engineer.   PLAINTIFF's employment with EMPLOYER continued until his involuntary termination on or about February 18, 2015.

6.      Throughout his employment with EMPLOYER, PLAINTIFF performed his job in a capable and competent manner.   Further, PLAINTIFF upheld all EMPLOYER's policies and never conducted himself in such a way that required disciplinary action.

7.      Beginning in upon hire in November 2012 through his termination in February 2015, PLAINTIFF performed duties in line with that of a manufacturing engineer. PLAINTIFF'S main responsibility was a portion of the production line to make improvements, upgrade the production line, increase efficiency, maintain the line running, provide equipment and tooling on the line. If Defendant was installing new or existing equipment, PLAINTIFF would work with outside suppliers to procure and install equipment.

8.      During this period of employment with EMPLOYER, PLAINTIFF was incorrectly classified as an exempt employee with a fixed salary. PLAINTIFF was not responsible for supervising or managing any people.   PLAINTIFF performed no executive or administrative duties for EMPLOYER. PLAINTIFF did not have a clock in card, or any other means of keeping track of his actual hours worked. In addition, his hours were not accounted for by his EMPLOYER.

9.      PLAINTIFF began working, at a minimum, 45 hours per week, but usually upwards of 50 hours per week, Monday through Friday. PLAINTIFF also worked frequently on Saturdays and Sundays. PLAINTIFF also worked from home sending and reviewing emails from customers in other time zones around the world. Through all of this, however, PLAINTIFF's paycheck

continuously, and without change, always reflected a salary of $1634.62 gross per week. None of PLAINTIFF's additional hours were reflected in his pay.

10.    When PLAINTIFF began his employment with EMPLOYER, PLAINTIFF was working seven days a week; ten-twelve hour days. Plaintiff's commute each day normally consisted of Plaintiff leaving at 4:00 AM and returning home at 9:00 PM. Plaintiff would regularly work Saturdays. Sometimes, Plaintiff even slept in his car for three-four hours before beginning his next shift.

11.    There were many instances due to workload and production issues that made it extremely difficult for PLAINTIFF to take lunch or breaks. Out of fear of losing his job, PLAINTIFF would comply and work through and/or during his lunch and breaks.

12.    It is PLAINTIFF's belief that EMPLOYER took advantage of PLAINTIFF for the complete duration of his employment by classifying him as an exempt employee when his duties clearly reflected that of a non-exempt employee. By classifying PLAINTIFF in such a way, EMPLOYER abused the working relationship with PLAINTIFF by overworking him without the overtime pay he was entitled to. EMPLOYER took advantage of PLAINTIFF for years using this classification system, and therefore, PLAINTIFF is entitled to damages.

13.    Beginning in late 2013, PLAINTIFF began being managed by a new General Assembly Manager, Nick Tabak (hereinafter "Nick"). PLAINTIFF experienced repeated verbal harassment and cynical remarks made by Nick throughout and during our weekly meetings. PLAINTIFF believes Nick discriminated against PLAINTIFF due to PLAINTIFF'S age (PLAINTIFF is 61-years old).

14.    On or about December 13, 2014, Nick informs PLAINTIFF that he is not meeting expectations. Nick provided PLAINTIFF with documentation outlining what needs to be accomplished and a time frame on several concerns. PLAINTIFF addressed and completed all

-4-

points within time frame specified. Follow up meetings were scheduled but never occurred. Nick would not acknowledge PLAINTIFF'S requests for follow up emails via e-mail or verbally. This meeting was not a formal performance review nor was any performance review documentation provided.

15.     On or about December 15, 2014, Nick gave PLAINTIFF responsibility for all Chassis lines while a coworker's was absent undergoing surgery. PLAINTIFF worked a split shift to cover day and "swing." PLAINTIFF was only getting six (6) hours of rest during a forty-eight hour period. PLAINTIFF also had a necessary surgery scheduled where he needed to take time off. PLAINTIFF told Nick he would postpone his surgery to help the co-worker who was just returning from surgery. At this same time, PLAINTIFF was also given additional responsibilities when a "Chassis 2 engineer" abruptly quit.

16.     On or about January 8 2015, PLAINTIFF requested conveyor engineer and maintenance assistance in correcting a serious vehicle shifting issue. PLAINTIFF copied Nick on this request for safety inspection. There was no response.

17.     On or about February 2015, PLAINTIFF advised maintenance again and requested help from the safety engineering department.     Finally, Kyle Rowe from safety department inspected PLAINTIFF'S concern and concurred that indeed there was a serious safety issue. Kyle submitted follow up emails to maintenance and several key personnel including Director of Engineering reflecting PLAINTIFF'S attempts to correct the safety concern. The issue was finally resolved, however, Nick never responded to any of PLAINTIFF'S concerns.

18.     On or about February 12, 2015, PLAINTIFF submitted a medical claim for three weeks of time off for the surgery PLAINTIFF scheduled on February 24, 2015. PLAINTIFF also submitted a

one week paid time off request in Kronos, the program Defendant uses for this process. PLAINTIFF never received a response back nor was his request approved.

19.    On or about February 18, 2015, a mere six days later, around 4:30 PM, PLAINTIFF was working on the production floor when Nick approached PLAINTIFF asking to speak with him. PLAINTIFF was lead to a training room in administration where two individuals, Krista Washington, of Human Resources, and Sara Smira, a Tesla employee, were seated. Nick informed PLAINTIFF he was being terminated, effective immediately, due to "performance issues." PLAINTIFF responded, telling EMPLOYER that he completed any concerns Nick outlined within the time constraints and not a single follow up meeting took place nor was any feedback provided. PLAINTIFF recently discovered Nick has replaced PLAINTIFF'S position with a new engineer in his mid-twenties.

## II.    DAMAGES

20.    As a direct, foreseeable, and proximate result of EMPLOYER'S conduct, PLAINTIFF has lost income, and has suffered other economic loss in a precise amount of which will be proven at trial.

21.    As a direct, foreseeable, and proximate result of EMPLOYER'S outrageous conduct as alleged herein, PLAINTIFF has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress in a precise amount of which will be proven at trial.

22.    EMPLOYER committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice. Alternatively, EMPLOYER'S despicable conduct was carried out in conscious disregard of PLAINTIFF's rights.

23. EMPLOYER's conduct was carried out by a managing agent, or an officer, a director, or a managing agent of EMPLOYER. EMPLOYER had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of PLAINTIFF's rights and/or authorized and/or ratified his conduct. As a result of EMPLOYER'S conduct, PLAINTIFF is entitled to recover punitive damages.

**FIRST CAUSE OF ACTION**

**VIOLATION OF MEAL PERIOD LAW** *(Labor Code §§226.7; 512)*

24. PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a first cause of action as follows:

25. *Labor Code* section 512, *et seq.*, provides, in pertinent part, that an employer may not employ and employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. An employer may not employ and employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. *Labor Code* section 226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

26. When PLAINTIFF worked for EMPLOYER, he was misclassified as an exempt employee. During his employment, PLAINTIFF worked more than five hours per day, but was not provided a meal period and forced to work through his meal period due workload and production issues,

-7-

**COMPLAINT FOR DAMAGES**

PLAINTIFF worked more than 10 hours per day and did not receive a second meal period. These acts by EMPLOYER constituted a violation of California's wage and hour laws.

27.    This failure violated *Labor Code*, including but not limited to sections 226.7 and 512.

28.    Thus, PLAINTIFF and all mis-classified employees and hourly employees who did not receive meal period are owed monies;

29.    EMPLOYER's failure to provide PLAINTIFF with meal periods was willful because it had knowledge of the illegality of failing to provide meal periods and has intentionally failed to do so as required by law.

30.    PLAINTIFF also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §218.5, 218.6.) PLAINTIFF further requests civil penalties as provided for in *Labor Code* section 558.

31.    As a direct and proximate result of EMPLOYER's failure to provide the entitlements set forth above, PLAINTIFF has suffered lost wages and other benefits of employment in an amount to be proven at trial.

32.    PLAINTIFF also seeks additional pay pursuant to *Labor Code* section 226.7(b).

SECOND CAUSE OF ACTION

VIOLATION OF REST PERIOD LAW (*Industrial Welfare Commission Wage Orders; Labor Code §226.7*)

33.    PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

34.    In California, the *Industrial Welfare Commission Wage Orders* require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and

--8--

must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction of four." A rest period is not required for employees whose total daily work time is less than three and one-half hours. The rest period is counted as time worked and therefore, the employer must pay for such periods. *Labor Code* section 226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

35.     EMPLOYER did not provide PLAINTIFF with rest periods. PLAINTIFF was mis-classified as an exempt employee. PLAINTIFF should have been a nonexempt, hourly employee, and thus entitled to rest periods. This failure constituted a violation of the *Industrial Welfare Commission Wage Orders* and *Labor Code* section 226.7.

36.     Thus, PLAINTIFF, and all hourly employees who did not receive rest periods are owed monies.

37.     *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

38.     EMPLOYER's failure to provide PLAINTIFF with rest periods was willful because it had knowledge of the illegality of failing to provide rest periods and has intentionally failed to do so as required by law.

39.     PLAINTIFF also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 218.5, 218.6.) PLAINTIFF further requests civil penalties as provided for in *Labor Code* section 558.

-9-

40.     As a direct and proximate result of EMPLOYER's failure to provide the entitlements set forth above, PLAINTIFF has suffered lost wages and other benefits of employment in an amount to be proven at trial.

41.     PLAINTIFF also seeks additional pay pursuant to *Labor Code* section 226.7(b).

### THIRD CAUSE OF ACTION

### VIOLATION OF WAGE AND HOUR LAWS – UNPAID OVERTIME WAGES (*Labor code §510; 1194*)

42.     PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a third cause of action as follows:

43.     Under Labor Code Section 510, employees are entitled to one and one-half times their regular rate when they work more than eight hours in a single day, more than forty hours in a workweek, or during the first eight hours of the seventh straight day of a single workweek. Employees are entitled to double time when they work more than twelve hours in a single day or beyond the eighth hour of the seventh straight day of a single workweek.

44.     Exemptions from overtime compensation requirements are narrowly construed against employers, and likewise their application is limited to those employees who plainly and unmistakably fall within the terms. *Bell v. Farmers Ins. Exchange*, 87 Cal.App.4th 808 (2001).

45.     Some of the exemptions, such as the Computer Software Occupations Exemption, the Outside Sales Exemption, and the Commissioned Salesperson Exemption, would not in any way be able to be argued as applicable to the situation here, so these exemptions will not be discussed.

46.     This leaves three main exemptions under which an employee may be permissibly classified as an exempt employee.  These exemptions are the Executive Exemption, the Administrative Exemption, and the Professional Exemption.

-10-

47.     Here, it is clear that PLAINTIFF'S position and duties performed do not qualify him for any of the above three exemptions.

48.     In order to qualify under the Executive Exemption an employee must: (1) Primarily manage the business; (2) Regularly exercise discretion and independent judgment; (3) Regularly direct the work of two or more employees; (4) Have the authority to hire, fire, advance, and promote employees; and (5) Earn a monthly salary equal to at least two times the state minimum wage for full time employment.

49.     Here, PLAINTIFF was making two times the state minimum wage, however, PLAINTIFF never managed the business, nor was he allowed to make independent decisions. PLAINTIFF never had significant oversight or direction over any employees, and he was never in the position to hire, fire, advance, or promote anyone else working at EMPLOYER. His tasks remained in the realm of making improvements, upgrading the production line, increasing efficiency, maintaining the line, and providing equipment and tooling on the line.

50.     In order to qualify under the Professional Exemption, an employee must: (1) Have a license or certification by the state of California; (2) Work primarily in the practice of law, medicine, dentistry, optometry, architecture, teaching or accounting; (3) Have advanced knowledge typically acquired by a course of specialized study or apprenticeship; (4) Regularly exercise discretion and independent judgment; and (5) Earn a monthly salary equal to at least two times the state minimum wage for full time employment.

51.     Here, PLAINTIFF again would not qualify under the Professional Exemption, as PLAINTIFF is not now, nor has he ever been, licensed or certified in the State of California. Also, PLAINTIFF does not engage in any of the areas of practice listed, as his employment pertained only to making improvements on the production line. As already previously established, PLAINTIFF

-11-

1   also did not regularly exercise discretion and independent judgment during his employ.  Therefore,

2   as PLAINTIFF does not now, nor did he ever, possess a license or certification from the State of

3   California classifying him as a professional, this exemption does not apply.

4
5   52.      This leaves only the Administrative Exemption.  To qualify under the Administrative

6   Exemption, an employee must: (1) Primarily perform non-manual work directly related to the

7   general business operations of the organization; (2) Regularly exercise discretion and independent

8   judgment; (3) Have obtained special training, experience, or knowledge; and (4) Earn a monthly

9   salary equal to at least two times the state minimum wage for full time employment.

10
11  53.      As noted in the facts, PLAINTIFF'S duties consisted of running the production line.

12  Additionally, general business operations means essentially the running of the business, and cannot

13  be applied to the day to day carrying out of its affairs. *Bratt v. County of Los Angeles*, 912 F.2d 1066

14  (1990).  Furthermore, only work performed at the level of policy or general operations can qualify as

15
16  directly related to management policies or general business operations. *Harris v. Liberty Mutual*

17  *Insurance Co.*, 154 Cal.App.4th 164 (2007).  PLAINTIFF could not regularly exercise discretion and

18  independent judgment and did not perform work directly related to the general business operation of

19  the organization. Based on this, it is clear that PLAINTIFF could not be classified as exempt under

20  the Administrative Exemption.

21
22  54.      As shown, PLAINTIFF is incapable of being classified under any of the three possible

23  exemptions.  This means that PLAINTIFF's duties never rose to a threshold level or changed in

24  scope to qualify him as an exempt employee.  None of the duties PLAINTIFF performed could fall

25  under any of the three exemptions as PLAINTIFF'S role within the organization was that of a

26  customer service representative and/or assistant.

27
28  55.      By classifying PLAINTIFF as an exempt employee despite the lack of any supporting

evidence that PLAINTIFF should be classified in such a way, EMPLOYER subjected PLAINTIFF to unfair, exploitative, and ultimately, illegal practices.

56. PLAINTIFF sustained damage including, but not limited to, unpaid overtime wages, and is therefore entitled to back pay for his overtime worked.

57. WHEREFORE, PLAINTIFF requests relief as hereafter provided.

## FOURTH CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

58. PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a fourth cause of action as follows:

59. The relationship between EMPLOYER and employee is fundamentally contractual. Inherent in this contractual relationship is a covenant of good faith and fair dealing, which implies a promise that each party will refrain from doing anything to injure the other's right to receive the benefits of the agreement and which protects the parties' reasonable expectations.

60. The provisions of the California Labor Code are implied by law into all employment agreements, including the employment agreement entered into between PLAINTIFF and EMPLOYER. By classifying PLAINTIFF as exempt when he was clearly a non-exempt employee, EMPLOYER injured PLAINTIFF's right to receive the benefits of his employment agreement and thwarted PLAINTIFF's reasonable expectations; i.e., EMPLOYER breached the implied covenant of good faith and fair dealing.

61. PLAINTIFF sustained damage including but not limited to, unpaid overtime wages, and is therefore entitled to back pay for his overtime worked.

62. WHEREFORE, PLAINTIFF requests relief as hereafter provided.

-13-

## FIFTH CAUSE OF ACTION

### VIOLATION OF CAL. GOV. CODE § 12940(a)

63.     PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a first cause of action as follows:

64.     Government Code section 12940(a) provides that it is an unlawful employment practice "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

65.     To bring a claim under FEHA, PLAINTIFF must obtain a "right to sue" letter within one year from the date of wrongful termination. Plaintiff obtained her "right to sue" letter on June 25, 2015. *See Exhibit A – FEHA Right to Sue Letter.*

66.     PLAINTIFF is sixty-one (61) years old and is Hispanic. PLAINTIFF was discriminated against in the workplace due to his age and his race. PLAINTIFF was terminated due to his age and national origin. PLAINTIFF'S age and national origin was a motivating reason for PLAINTIFF'S termination.

67.     On or about February 12, 2015, PLAINTIFF submitted a medical claim for three weeks of time off for the surgery PLAINTIFF scheduled on February 24, 2015. PLAINTIFF also submitted a one week paid time off request in Kronos, the program Defendant uses for this process. PLAINTIFF never received a response back nor was his request approved.

68.     On or about February 18, 2015, a mere six days later, around 4:30 PM, PLAINTIFF was working on the production floor when Nick approached PLAINTIFF asking to speak with him.

-14-

1  PLAINTIFF was lead to a training room in administration where two individuals, Krista

2  Washington, of Human Resources, and Sara Smira, a Tesla employee, were seated. Nick informed

3  PLAINTIFF he was being terminated, effective immediately, due to "performance issues."

4  PLAINTIFF responded, telling EMPLOYER that he completed any concerns Nick outlined within

5

6  the time constraints and not a single follow up meeting took place nor was any feedback provided.

7  PLAINTIFF recently discovered Nick has replaced PLAINTIFF'S position with a new engineer in

8  his mid-twenties.

9  69.    EMPLOYER terminated PLAINTIFF because he was a 61 year old, Hispanic, with a medical

10
11  condition.

12  70.    PLAINTIFF sustained damages in that to this day PLAINTIFF has been unable to secure

13  alternative employment.

14

15                              **SIXTH CAUSE OF ACTION**

16                   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
    71.    PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set
17
18  forth herein and alleges for a second cause of action as follows:

19  72.    To allege a claim for intentional infliction of emotional distress, the Plaintiff must show:

20      a.  The Defendant's conduct was outrageous;

21      b.  The Defendant intended to cause Plaintiff's emotional distress OR Defendant acted with
22
23          reckless disregard of the probability that Plaintiff would suffer emotional distress,
24          knowing that Plaintiff was present when the conduct occurred;

25      c.  That Plaintiff suffered severe emotion distress; and

26      d.  That Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional
27
28          distress.

                                        -15-

73. A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051.

74. There were many instances due to workload and production issues that made it extremely difficult for PLAINTIFF to take lunch or breaks. Out of fear of losing his job, PLAINTIFF would go without lunch or breaks and continue working to the point where PLAINTIFF was exhausted.

75.    Beginning in late 2013, PLAINTIFF began being managed by a new General Assembly Manager, Nick. PLAINTIFF experienced repeated verbal harassment and cynical remarks made by Nick throughout and during our weekly meetings. PLAINTIFF believes Nick discriminated against PLAINTIFF due to PLAINTIFF'S age (PLAINTIFF is 61-years old).

76.    On or about December 13, 2014, Nick informs PLAINTIFF that he is not meeting expectations. Nick provided PLAINTIFF with documentation outlining what needs to be accomplished and a time frame on several concerns.   PLAINTIFF addressed and completed all points within time frame specified. Follow up meetings were scheduled but never occurred. Nick would not acknowledge PLAINTIFF'S requests for follow up emails via e-mail or verbally. This meeting was not a formal performance review nor was any performance review documentation provided.

77.    Ultimately, on February 18, 2015, Nick informed PLAINTIFF he was being terminated, effective immediately, due to "performance issues." PLAINTIFF responded, telling EMPLOYER that he completed any concerns Nick outlined within the time constraints and not a single follow up meeting took place nor was any feedback provided.  PLAINTIFF recently discovered Nick has replaced PLAINTIFF'S position with a new engineer in his mid-twenties.

-16-

78.     PLAINTIFF suffered emotional distress. Defendant's conduct was the only factor causing in causing PLAINTIFF'S emotional distress.

### SEVENTH CAUSE OF ACTION

#### VIOLATION OF CAL. GOV. CODE § 12940(n) - FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

79.     PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

80.     A separate action may be maintained for the employer's failure to engage in the interactive process. *Cal Gov. Code § 12940(n)*.

81.     Section 12940(n) provides that it is an unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations" by an employee with a known disability.

82.     On or about February 12, 2015, PLAINTIFF submitted a medical claim for three weeks of time off for the surgery PLAINTIFF scheduled on February 24, 2015. PLAINTIFF also submitted a one week paid time off request in Kronos, the program Defendant uses for this process. PLAINTIFF never received a response back nor was his request approved.

83.     On or about February 18, 2015, a mere six days later, around 4:30 PM, PLAINTIFF was working on the production floor when Nick approached PLAINTIFF and PLAINTIFF was terminated, effective immediately.

### EIGTH CAUSE OF ACTION

#### VIOLATION OF CAL. GOV. CODE § 12940(m) - FAILURE TO PROVIDE REASONABLE ACCOMODATION

84.     PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

-17-

57.     California Government Code section 12940(m) provides that it is an unlawful employment practice "for an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee. Nothing in this subdivision or in . . . subdivision (a) shall be construed to require an accommodation that is demonstrated by the employer or other covered entity to produce undue hardship to its operation."

58.     "Any employer or other covered entity shall make reasonable accommodation to the disability of any individual with a disability if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate that the accommodation would impose an undue hardship." Cal. Code Regs., tit. 2, § 7293.9.

59.     Government Code section 12926(n) provides: "Reasonable accommodation" may include either of the following:

(1) Making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities.

(2) Job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

85. In this case, Defendant had knowledge of PLAINTIFF'S request for time off for surgery. PLAINTIFF made the request on February 12, 2015.

86.     On February 18, 2015, PLAINTIFF was terminated, effective immediately. Defendant knew PLAINTIFF was going to be out of work for three weeks. Instead of accommodating PLAINTIFF'S requested, Defendant terminated PLAINTIFF and replaced his position with someone in their twenties to avoid fulfilling medical leave requests.

-18-

## NINETH CAUSE OF ACTION

### VIOLATION OF AGE DISCRIMINATION IN
### EMPLOYMENT ACT 29 U.S.C. §§ 621-634

87. PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

88. It shall be unlawful for an employer:

    1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

    2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

    3) to reduce the wage rate of any employee in order to comply with this chapter.

89. Defendant terminated PLAINTIFF because he was sixty-one (61) years old and was on the verge of taking three weeks off of work for a necessary surgery. Defendant knew as PLAINTIFF continued to age more and more medical issues would occur equating into more and more time off.

90. Instead of accommodating PLAINTIFF, Defendant terminated PLAINTIFF and replaced his position with a worker in his mid-twenties.

91. PLAINTIFF continues to suffer damages as PLAINTIFF has been unable to secure alternative employment.

## TENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

92. PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

-19-

93. Employers may not terminate employees if the reason for doing so violates a fundamental public policy. *Stevenson v. Superior Court* 16 Cal.4th 880, 887 (1997). Retaliation for refusal to participate in illegal activity and retaliation for objecting to fraudulent practices are clearly established actions that are prohibited by public policy in California. *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167 (1980); *Foley v. Interactive Data Corp.* 47 Cal.3d 654, 670–671 (1988).

94. The elements to establish wrongful termination in violation of public policy are:

    1) The existence of an employment relationship;

    2) The employer terminated the employee

    3) Improper motivation;

    4) Damages

95. PLAINTIFF and Employer were in an employment relationship from November 26, 2012 through his involuntary termination on February 18, 2015.

78. On or about January 8 2015, PLAINTIFF requested conveyor engineer and maintenance assistance in correcting a serious vehicle shifting issue. PLAINTIFF copied Nick on this request for safety inspection. There was no response.

79. On or about February 2015, PLAINTIFF advised maintenance again and requested help from the safety engineering department. Finally, Kyle Rowe from safety department inspected PLAINTIFF'S concern and concurred that indeed there was a serious safety issue. Kyle submitted follow up emails to maintenance and several key personnel including Director of Engineering reflecting PLAINTIFF'S attempts to correct the safety concern. The issue was finally resolved, however, Nick never responded to any of PLAINTIFF'S concerns.

96. Shortly thereafter, on February 18, 2015, PLAINTIFF was terminated.

97. Plaintiff sustained damage including, but not limited to, not being able to obtain alternate

-20-

employment.

### ELEVEN CAUSE OF ACTION
### VIOLATION OF LABOR CODE §1102.5

98.    PLAINTIFF incorporates by reference all preceding paragraphs as though they are fully set forth herein and alleges for a second cause of action as follows:

99.    Labor Code §1102.5(b) provides in relevant part that an employer shall not retaliate against an employee because the employer believes the employee may disclose to a government or law enforcement agency information regarding his reasonable belief that employer violated a state statute.

100.    Further, Labor Code §1102.5(c) states in pertinent part that an employer shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state statute or regulation.

101.    Labor Code § 1103 makes a violation of Labor Code §1102.5 a misdemeanor.

102.    Defendant terminated PLAINTIFF mere days after PLAINTIFF requested conveyor engineer and maintenance assistance in correcting a serious vehicle shifting issue. PLAINTIFF'S request for safety inspection initially went unanswered.

103.    PLAINTIFF'S persistence eventually got this safety issue resolved, however, PLAINTIFF was terminated from his employment mere days after submitting these safety concerns.

104.    In terminating Plaintiff, Employer violated Labor Code §1102.5.

105.    Plaintiff sustained damage including, but not limited to, not being able to obtain alternate employment.

### III.    REQUEST FOR JURY TRIAL

106.    PLAINTIFF requests a trial by jury.

-21-

## IV.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendant and each of them as follows:

a.   Compensatory damages for back pay, lost benefits, and other special damages according to proof;

b.   For general damages to compensate PLAINTIFF for emotional distress, pain and suffering, and loss of enjoyment of life;

c.   For punitive damages;

d.   For prejudgment interest on all damages awarded under Civil Code section 3287(a);

e.   For reasonable attorney fees under Labor Code section 218.5, Code of Civil Procedure section 1021.5, and any other applicable statute or legal principle;

f.   For costs of suit incurred; and

g.   For such other and further relief as the Court may deem just and proper.

DATED: September 21, 2015                    CONSUMER ACTION LAW GROUP, PC

                                             By
                                                LAUREN RODE, SBN 281803
                                                lauren@calgroup.org
                                                SAGE STONE, SBN 304806
                                                sage@calgroup.org

                                                Attorneys for PLAINTIFF,
                                                WALTER HIDALGO

-22-

COMPLAINT FOR DAMAGES

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency      GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

June 25, 2015

RE: Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 588234-165248-R
Right to Sue: Hidalgo /

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

June 25, 2015

RE:  Notice of Filing of Discrimination Complaint
DFEH Matter Number: 588234-165248-R
Right to Sue: Hidalgo /

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                            DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

## AMENDED

June 25, 2015

walt Hidalgo
1828 Sugar Maple Way
Hughson California 95326

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 588234-165248-R
Right to Sue: Hidalgo /

Dear walt Hidalgo,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 25, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc:

1         COMPLAINT OF EMPLOYMENT DISCRIMINATION

2            BEFORE THE STATE OF CALIFORNIA

3      DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4        Under the California Fair Employment and Housing Act
                 (Gov. Code, § 12900 et seq.)

5

6  In the Matter of the Complaint of       DFEH No. 588234-165248-R

7  walt Hidalgo, Complainant.

8  1828 Sugar Maple Way
   Hughson California 95326

9  vs.

10

11  Respondent.
   3500 Deer Creek Rd

12  Palo Alto, California 94304

13

14  Complainant alleges:

15  1. Respondent is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code,
    § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

16
17  2. On or around **February 19, 2015**, complainant alleges that respondent took the following adverse actions
    against complainant: **Discrimination Denied a work environment free of discrimination and/or retaliation,**
    **Terminated,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over** .

18
19  3. Complainant **walt Hidalgo** resides in the City of **Hughson**, State of **California**. If complaint includes co-
    respondents please see below.

20

21

22

-5-

*Complaint – DFEH No. 588234-165248-R*

Date Filed: June 25, 2015

Date Amended: June 25, 2015

DFEH 600-1

1

2   **Additional Complaint Details:**

3   I believe I was terminated due to my age and because I raised safety concerns. I
4   believe management fostered a hostile work environment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Date Filed: June 25, 2015

Date Amended: June 25, 2015

VERIFICATION

1

2   I, Walt Hidalgo, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and
    know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein
3   alleged on information and belief, and as to those matters, I believe it to be true.

4   On June 25, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct.

5

6                                                                          Hughson, California
                                                                           Walt Hidalgo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Complaint – DFEH No. 588234-165248-R

Date Filed: June 25, 2015

Date Amended: June 25, 2015

DFEH 902-1

ENDORSED
FILED

NOV 12 2015

1   Alexander Hernaez (SBN: 201441)
    ahernaez@foxrothschild.com
2   FOX ROTHSCHILD LLP
    345 California Street, Suite 2200
3   San Francisco, CA 94104
    Telephone:   415.364.5540
4   Facsimile:    415.391.4436

5   Attorneys for Defendant
    TESLA MOTORS, INC., a Delaware
6   corporation (erroneously sued as TESLA
    MOTORS, INCORPORATED, a California
7   corporation)

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF SANTA CLARA

11

12  WALTER HIDALGO,              Case No.: 115CV286235

13          Plaintiff,

14      v.                        DEFENDANT TESLA MOTORS, INC.'S
                                ANSWER TO PLAINTIFF'S COMPLAINT
15  TESLA MOTORS, INC., a Delaware
    corporation; and DOES 1 through 25,    Complaint Filed:   September 29, 2015
16  inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28   29562470_1

DEFENDANT TESLA MOTORS, INC.'S                 Case No.: 115CV286235
ANSWER TO PLAINTIFF'S COMPLAINT
ACTIVE 32264389v1

Defendant Tesla Motors, Inc., ("Defendant") submits its Answer to the Complaint for Damages ("Complaint") of Plaintiff Walter Hidalgo ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code Civ. Proc. § 431.30(d), Defendants both generally and specifically deny each and every allegation of Plaintiff's Complaint and further deny that Plaintiff is entitled to recover either fully or partially any amount whatsoever by reason of any act, breach or omission on the part of Defendants or any of their agents, servants, or employees.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Solely by way of an affirmative defense, not to be construed as an admission, the Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Solely by way of an affirmative defense, not to be construed as an admission, Defendants allege that the Causes of Action against them, or parts therein, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedures sections 335.1, 337, 338, 339, 340, and 343, and Government Code sections 12960.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that the Complaint is barred because appropriate administrative remedies have not been exhausted as to Defendant and/or as to any alleged cause of action that has not been made the subject of a timely administrative charge filed with the Department of Fair Employment and

1   Housing, Equal Employment Opportunity Commission, or other similar agency as required by

2   California Government Code section 12960, *et seq.*

3                            **FOURTH AFFIRMATIVE DEFENSE**

4                            **(Settlement and Release of Claims)**

5          Solely by way of an affirmative defense, not to be construed as an admission, Defendant

6   alleges that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred,

7   or at least limited, to the extent Plaintiff previously settled and released his claims against

8   Defendant.

9                            **FIFTH AFFIRMATIVE DEFENSE**

10             **(Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)**

11         Solely by way of an affirmative defense, not to be construed as an admission, Defendant

12  alleges that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches,

13  excuse, mistake, and/or unclean hands.

14                            **SIXTH AFFIRMATIVE DEFENSE**

15                            **(After-Acquired Evidence)**

16         Solely by way of an affirmative defense, not to be construed as an admission, Defendant

17  alleges that Plaintiff's recovery is limited in whole or in part by the doctrine of after-acquired

18  evidence.

19                            **SEVENTH AFFIRMATIVE DEFENSE**

20                            **(Failure to Mitigate)**

21         Solely by way of an affirmative defense, not to be construed as an admission, Defendant

22  alleges that Plaintiff's claims are barred or diminished by the failure of Plaintiff to mitigate.

23                            **EIGHTH AFFIRMATIVE DEFENSE**

24                            **(Losses Caused by Plaintiff)**

25         Defendant, denying any wrongdoing on its part, and expressly denying that Plaintiff has

26  been damaged as alleged, asserts solely by way of an affirmative defense, not to be construed as

27

28

Case No.: 115CV286235

DEFENDANT TESLA MOTORS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1   an admission, that any damage or pecuniary loss Plaintiff has sustained has been proximately

2   caused by Plaintiff's own actions or inactions.

### NINTH AFFIRMATIVE DEFENSE

#### (No Injury to Plaintiff / Losses *De Minimis*)

5   Solely by way of an affirmative defense, not to be construed as an admission, Defendant

6   alleges that Plaintiff has not suffered any injury, damage, loss or harm due to any actions of

7   Defendant or any failure to act by Defendant, or that any damage or pecuniary loss Plaintiff has

8   sustained is *de minimis*.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Attorneys' Fees)

11   Solely by way of an affirmative defense, not to be construed as an admission, Defendant

12   alleges that the Complaint fails to state a claim upon which an award of attorneys' fees can be

13   granted.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

16   Solely by way of an affirmative defense, not to be construed as an admission, Defendant

17   alleges that any claim for punitive damages is unconstitutional under the California and Federal

18   Constitutions and in particular pursuant to the due process, equal protection and/or excessive

19   fines clauses contained therein.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to State Claim to Support Punitive Damages)

22   Solely by way of an affirmative defense, not to be construed as an admission, Defendant

23   alleges that Plaintiff is not entitled to recover any punitive or exemplary damages and any

24   allegations with respect thereto should be stricken because:

25   (a)   Plaintiff has failed to plead facts sufficient to support allegations of

26   oppression, fraud, and/or malice (Cal. Civ. Code § 3294(a));

27

28

DEFENDANT TESLA MOTORS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

Case No.: 115CV286235

1         (b)     Plaintiff has failed to plead facts sufficient to support allegations of gross

2 or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or

3 intent; and

4         (c)     Neither Defendant nor any of its officers, directors or managing agents

5 committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act,

6 or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly

7 committed such an act, or employed any such employee or employees with a conscious disregard

8 of the rights or safety of others (Cal. Civ. Code § 3294(b)).

9 **THIRTEENTH AFFIRMATIVE DEFENSE**

10 **(Workers' Compensation Act Exclusivity)**

11      Solely by way of an affirmative defense, not to be construed as an admission, Defendant

12 alleges that Plaintiff's claims, to the extent they are based in whole or in part upon any alleged

13 physical or emotional injury or distress, are barred by the exclusive remedy provisions of the

14 California Workers' Compensation Act, California Labor Code section 3600, *et seq.*

15 **FOURTEENTH AFFIRMATIVE DEFENSE**

16 **(Legitimate Non-Discriminatory and Non-Retaliatory Business Reasons)**

17      Solely by way of an affirmative defense, not to be construed as an admission, Defendant

18 alleges that there were legitimate, non-retaliatory, non-discriminatory business reasons for the

19 decisions about which Plaintiff complains.

20 **FIFTEENTH AFFIRMATIVE DEFENSE**

21 **(Outside Course and Scope of Employment)**

22      Solely by way of an affirmative defense, not to be construed as an admission, Defendant

23 alleges that Defendant is not liable for any acts or omissions of any person who was not acting

24 within the course and scope of his/her duties as an employee, agent, director, officer, or

25 constituent member of Defendant.

26 //

27 //

28

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Actions Outside Control of Defendant)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that any harm or injury suffered by Plaintiff, the existence of such harm or injury being specifically denied, is the result of the actions of others not within the control of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Wrongful Conduct By Managing Agents)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any managing agents, and Defendant further alleges that it never ratified or condoned any unlawful or tortious conduct of any employee or individuals.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Non-Willful Conduct)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that even if the misconduct as alleged by Plaintiff occurred, which Defendant denies, such misconduct was not carried out in conscious disregard of Plaintiff's rights, nor was it willful, intentional, knowing or deliberate.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Malice / Good Faith)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that some or all of Plaintiff's claims for damages alleged in the Complaint are barred in that all decisions and actions of Defendant with respect to the subject matter of this lawsuit were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper and justified means to further its legitimate economic interests.

//
//
//

## TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior and Plaintiff unreasonably delayed in taking, or failed to take, advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Plead with Sufficient Particularity)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff has failed to set out his claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims become known.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Allegations Exceed Scope of Administrative Complaint)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent the acts or omissions alleged in Plaintiff's Complaint exceed the allegations alleged in Plaintiff's administrative complaint to the California Department of Fair Employment and Housing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred in whole or in part, or the relief under such claims is limited, because Plaintiff consented to the alleged conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Privilege / Justification)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant

1  alleges that Plaintiff's claims are barred in whole or in part because any alleged acts and/or
2  omissions attributable to Defendant were justified and/or privileged.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred in whole or in part because any proposed accommodations of Plaintiff's alleged disability would create an undue hardship to the operation of Defendant's business.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Inability to Perform Essential Job Duty)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred in whole or in part because, even with reasonable accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one essential job duty.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (No Certification from Health Care Provider)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff did not provide a health-care provider's certification of his need for leave.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Arbitration)

Solely by way of an affirmative defense, not to be construed as an admission, Defendant alleges that Plaintiff signed an enforceable arbitration agreement and his claims are therefore subject to arbitration.

25  //
26  //
27  //

Case No.: 115CV286235

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Defendant recovers its costs of suit herein, including reasonable attorneys' fees; and

4. That this Court grant such other further relief as it may deem appropriate.

Dated: November /0, 2015                                  FOX ROTHSCHILD LLP

By: _____
Alexander Hernaez
Attorneys for Defendant Tesla Motors, Inc.

ACTIVE 32264389v1                                           8

1

## PROOF OF SERVICE

2      I am employed in the County of San Francisco, State of California. I am over the age of
3  18 years and not a party to this action; my business address is: 345 California Street, Suite 2200,
   San Francisco, CA 94104.

4      On November 12, 2015 I served the foregoing documents:

5  **DEFENDANT TESLA MOTORS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

6  on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
   envelope(s) addressed as follows:

7
   Lauren Rode                                    *Attorneys for Plaintiff*
8  Sage Stone
   Consumer Action Law Group, P.C.
9  3700 Eagle Rock Blvd.
   Eagle Rock, CA 90065
10 *T: 818.254.8413 // Fax: 866.936.6916*

11 ☑   **BY FIRST-CLASS MAIL:** I caused said document(s) to be deposited in a facility
       regularly maintained by the United States Postal Service on the same day, in a sealed
12     envelope, with postage paid, addressed to the above listed person(s) on whom it is being
       served for collection and mailing on that date following ordinary business practices.

13 ☑   **[STATE]** I declare under penalty of perjury under the laws of the State of California
       that the foregoing is true and correct.
14

15     Executed November 12, 2015 at San Francisco, California.

16

17                                    *Elisabeth Paulsen*
                                      Elisabeth Paulsen
18

19

20

21

22

23

24

25

26

27

28
   29562470_1
   ─────────────────────────────────────────────────────────────  Case No.: 115CV286235
   DEFENDANT TESLA MOTORS, INC.'S
   ANSWER TO PLAINTIFF'S COMPLAINT
   ACTIVE 32264389v1

Contact Us

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

## Public Access Civil Case Information Website

Nov. 10, 2015

Home » Civil Index » Case Number Search » Case Number Results » **Register of Actions/Docket for Case Number 1-15-CV-286235**

### Register of Actions/Docket

*Notice: The Superior Court of California, County of Santa Clara declares that information provided by and obtained from this site (www.sccaseinfo.org) is intended for use on a case by case basis and typically by parties of record and participants, and does not constitute the official record of the court. Any user of the information is hereby advised that it is being provided as is and that the information may be subject to error or omission. The user acknowledges and agrees that the Superior Court of California, County of Santa Clara is not liable for the accuracy or validity of the information provided.*

**Case Information**

**Associated Cases**

Number: **1-15-CV-286235**
Title: **W. Hidalgo Vs Tesla Motors, Incorporated**
Category: **Wrongful Termination - Unlimited**
Filed: **9/29/2015** Disposed: **None** Status: **Open**

Calendared Events

### Involved Parties

Documents

| Type | Name | Disposition |
|---|---|---|
| Plaintiff | Walter Hidalgo None | None |
| | Attorney: | Consumer Action Law Group, Pc None 3700 Eagle Rock Blvd., Los Angeles, Ca 90065 |
| Defendant | Tesla Motors, Incorporated None | None |

Involved Parties

### Calendared Events

Documents

| Date | Time | Dept. | Event Description | Result | | | Notice Printed | Reset | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Description | By | Date | | To | From |
| 1/26/2016 | 02:15PM | 03 | CV CMC-Case Management Conf | None | None | None | None | None | None |

Involved Parties

### Documents

Calendared Events

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

| Number-Sequence | Document Description | Document Text | Filed | Ruling | Date |
|---|---|---|---|---|---|
| 0004-000 | Cv Proof Of Svc Compl/Pet/Summons | | 10/19/2015 | None | 10/19/2015 |
| | For: Walter Hidalgo / PLT Against: Tesla Motors, Incorporated / DEF | | | | |
| 0003-000 | Cv Summons Filed | | 09/29/2015 | None | 09/29/2015 |
| | For: Walter Hidalgo / PLT Against: Tesla Motors, Incorporated / DEF | | | | |
| 0002-000 | Cv Complaint Filed/Summs Issued | | 09/29/2015 | None | 09/29/2015 |
| | For: Walter Hidalgo / PLT Against: Tesla Motors, Incorporated / DEF | | | | |

0001-000        Cv Case Cover Sheet

**For:** Walter Hidalgo / PLT
**Against:** Tesla Motors, Incorporated / DEF

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

RETURN

Main Court Website    |    Contact    |    Disclaimer                                    © 2011 Superior Court of Santa Clara County